**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| JOSEPH TIGER D. PRINCE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 1:05-CV-55 (WLS) |
| | : | |
| MICHELLE MARTIN, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

## <u>ORDER</u>

Before the Court is a Report and Recommendation from United States Magistrate Judge Claude W. Hicks, Jr. filed February 19, 2010.  (Doc. 84).  It is recommended that Petitioner's § 2254 Petition for Writ of Habeas Corpus (Doc. 1; Doc. 67; Doc. 71) be **DENIED**.  Plaintiff filed an Objection on March 18, 2010.[1]  (Doc. 30).

Judge Hicks found that Petitioner's requested relief from his 1999 Dougherty County conviction resulting from a jury trial for malice murder should be denied as to each of Petitioner's asserted[2] Grounds: Two, conviction obtained through the use of inadmissible evidence; Four, conviction obtained through retaliation, corruption and conflicting interest of the prosecution; Five, conviction obtained by counsel's waiver of Petitioner's due process rights without Petitioner's knowledge or consent (ineffective assistance of trial and appellate counsel); Six, the State knowingly used perjured testimony against Petitioner; and Fourteen, Petitioner's

---

[1]     Petitioner contends that his Objection (Doc. 86) is timely despite its filing outside of the fourteen day period imposed by U.S. Magistrate Judge Hicks; since, Plaintiff states that he did not receive the Recommendation until March 12, 2010.  Accordingly, the Court reviews Petitioner's Objection (Doc. 86) *infra*.

[2]     On October 29, 2009, the Court adopted the Report and Recommendation (Doc. 80) and granted Petitioner's Motion to Amend (Doc. 67) which requested dismissal of Grounds One, Three, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fifteen originally asserted in his petition (Doc. 1).  (Doc. 82).

conviction was obtained while he was incompetent to stand trial (ineffective assistance of trial and appellate counsel).  (Doc. 84).

As to Ground Two, Judge Hicks found that Petitioner failed to demonstrate that the state courts' findings that probable cause existed for Petitioner's arrest and Petitioner initiated contact with detectives, was advised of his rights, and freely and voluntarily waived those rights and voluntarily gave statements, were contrary to or an unreasonable application of clearly established United States Supreme Court precedent.  (Id.).  As to Ground Four, Judge Hicks found Petitioner submitted no proof of his allegations of prosecution's alleged misbehavior and only made conclusory allegations against prosecution and defense counsel, and, no conflict of interest can be proved as to his counsel Williams since Petitioner requested that Williams represent him and expressively waived the conflict of interest.  (Id.).  As to Ground Five, Judge Hicks found that the state courts properly applied Supreme Court standards in their conclusion that Petitioner received effective assistance of counsel at trial.  As to Ground Six, Judge Hicks found the state court applied the proper law to the facts and Judge Hicks found the application was reasonable; such that despite the existence of evidence to support a defendant's theory of innocence, said evidence alone, does not warrant habeas relief.  Id.  As to Ground Fourteen, Judge Hicks found that the state courts properly applied Supreme Court standards and the courts appropriately found that Petitioner failed to satisfy his burden to show attorney error and actual prejudice as required to show ineffective assistance of counsel on appeal or at trial.  Id.

Petitioner asserts numerous objections and at the outset contends that Judge Hicks "would have this Honorable Court look at … only the citings of United State[s] Supreme Court rulings and arbitrarily ignore any other legal authority and evidence Petitioner has submitted even the United States Supreme Court precedents Petitioner has cited entitling petitioner to the full issuance of a Federal Writ of Habeas Corpus."  (Doc. 86).  A review of Judge Hicks's Report

and Recommendation does not support Petitioner's objection.  Indeed, U.S. Magistrate Judge Hicks noted the constraints placed upon a federal habeas court which "forecloses relief unless the state court's merits adjudication of the constitutional claim is either contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent **or** is an unreasonable determination of the facts."  (Doc. 84 at 2) (internal citation omitted) (emphasis added).  The Court agrees with Judge Hicks's formulation and Plaintiff's objection is without merit.  Plainly, the Court is required to analyze Petitioner's petition (asserted facts and cited legal authority) in accordance with applicable legal standards.  It is not the failure to consider and analyze that is at the heart of Petitioner's objection, but instead, is his disagreement with it.

Petitioner contends that Judge Hicks improperly reconstituted Petitioner's five grounds for relief by only mentioning ineffective assistance of counsel in headings of Grounds Five and Fourteen, although Petitioner mentions ineffective assistance of trial and/or appellate counsel in each of his grounds (Two, Four, Five, Six, and Fourteen).  Petitioner also specifically objects to Judge Hicks's findings on each of the asserted grounds.  As to Ground Two, Petitioner asserts that his conviction was obtained through use of inadmissible evidence combined with ineffective assistance of trial and appellate counsel.  Petitioner contends that conflicting testimony by police officers as to how he became a suspect changed; from a police officer's statement at trial that Petitioner was developed as a suspect based upon information gathered in canvassing the neighborhood in which both the petitioner and the victim lived to a statement four years later by a police officer that there was nothing leading up to Petitioner's identification as a suspect other than a statement that Delores Pearson provided to police.  The Court finds Petitioner's general objection as to the alleged improper reconstitution of Petitioner's "Grounds" and Petitioner's specific objection as to Ground Two without merit.  Judge Hicks's Report and Recommendation thoroughly analyzed and addressed Petitioner's claims of ineffective assistance of trial and

appellate counsel.  Further, the Court need not analyze Petitioner's claims in a specific order or as presented by Petitioner, as long as the content of his claims are addressed.  Whether or not Petitioner became a suspect as a result of neighborhood canvassing or a statement by Delores Pearson is inapposite; in that, it does not affect the sufficiency of evidence presented at trial, upon which Petitioner's conviction rests.  Judge Hicks noted that the Supreme Court of Georgia found that the arresting officer (assuming *arguendo* that there was an arrest) had probable cause to arrest Petitioner based upon canvassing and personal observation of cuts to Petitioner's hand consistent with those inflicted by a knife, and that said probable cause was based upon knowledge and reasonable trustworthy information sufficient for a prudent person (or officer) to believe Petitioner had committed the [then-alleged] offense.   Petitioner's objection that a different police officer testified four years after the trial that Petitioner's arrest was based upon Pearson's statement, does not negate the Georgia courts' finding that there was probable cause.[3] Further, Petitioner's argument in no way reduces the sufficiency of the evidence before the jury.

As to Ground Four, Petitioner objects, on the basis that the state habeas court never addressed this Ground since the second part of the hearing was not held and the prosecution falsified facts during trial alleging that Petitioner's mental status never became an issue in the case.   Petitioner contends that Judge Hicks failed and arbitrarily ignored that Petitioner was suffering from punishment inflicted upon him by the trial court a week prior to his statement in court that he waived the conflict of interest with Attorney Williams since he was suffering from mental disorders and was incompetent to stand trial.[4]   The Court finds, despite Petitioner's contrary belief, that Judge Hicks appropriately applied the correct legal standard to find that

---

[3]    Further, Petitioner's petition (Doc. 67) supports the state habeas court's finding that Pearson informed police about Petitioner's potential involvement in the murder.

[4]    The Court addresses Petitioner's objection as to Petitioner's belief that he should have been found incompetent and declared unable to stand trial in the Court's analysis of Ground Fourteen objections, *infra*.

Petitioner's allegations were unsupported by proof and merely amounted to conclusory allegations.  Further, Petitioner's objection does not contravene Judge Hicks's finding that no prejudice resulted from Mr. Williams's representation of Petitioner and that Petitioner failed to allege that prejudice resulted.  Accordingly, Petitioner's objection as to Ground Four lacks merit.

As to Ground Six, Petitioner contends that Judge Hicks erroneously added to the facts and that at no time within the record before this Court did Petitioner state that Detective Williams stated that Petitioner became a suspect in the murder based upon a secret informer who apparently knew petitioner from encounters when both were juveniles in Georgia.  Conversely, Petitioner asserts that the only evidence which Detective James Williams falsely testified to was the denial that other individuals were suspects since they were out of town, and that he did know Petitioner from Petitioner's youth in Albany, Georgia since Petitioner grew up in Warren Ohio and could not have had contacts with police in Albany as a juvenile.  Petitioner's Objection is plainly specious, in that Petitioner's statement that the State knowingly utilized false testimony through Detective James Williams "declaring that the Petitioner became a suspect to the homicide by an alleged secret informer … alleging that Petitioner and him knew each other by Petitioner having encounters with the law as a juvenile growing up in the State of Georgia" could be interpreted as "him" being the secret informer, rather than Detective James Williams.  (*See* Doc. 71 at 24-25).  Petitioner's statement that Judge Hicks added facts not present in the record is grossly overstated given the imprecise language Petitioner utilized.  Purportedly, Petitioner is asserting that Detective James Williams falsely testified that he knew Petitioner since Petitioner had juvenile encounters in Dougherty County, Georgia.  Nevertheless, Petitioner's imprecise drafting is present in his brief (Doc. 71 at 25) and objection (Doc. 86 at 9) as Petitioner also states that he was born in Warren, Ohio, which is also the county of "Dougherty" and he never encountered police in Albany, Georgia as a juvenile.  The Court takes judicial notice that the city

5

of Warren, Ohio, is in a county called Trumbull; and, further, there is no Dougherty County, Ohio. Nevertheless, the Court declines to adopt that portion of Judge Hicks's Report and Recommendation regarding the existence of a secret informer who knew Petitioner from his youth in Dougherty County and proceeds to address Petitioner's remaining objections as to Ground Six. The reference is thus given no weight in the Court's consideration. In effect, Petitioner's objections as to Ground Six merely express his disagreement with Judge Hicks's findings and Petitioner's belief that Peterson falsely testified, and Judge Hicks ignored the evidence and facts of the case. The Court agrees with U.S. Magistrate Judge Hicks's finding that the Georgia Supreme Court addressed and rejected Plaintiff's claims regarding insufficient evidence and Judge Hicks's finding that in the presence of conflicting inferences (differing testimony by Delores Peterson as to whether or not she knew that Petitioner was involved with women other than herself), the court must defer to a jury's judgment as to the weight and credibility of the evidence. Plaintiff's disagreement is noted and overruled.

As to Grounds Five and Fourteen, Petitioner objects to Judge Hicks's finding that Petitioner did not demonstrate how the alleged misconduct by his trial counsel prejudiced his trial or violated his constitutional rights. Petitioner objects to Judge Hicks's finding that he did not show prejudice to waiver of a competency trial. Petitioner contends that it should have been mandatory to hold a competency trial before accepting any plea in a case. Petitioner states that his trial should not have proceeded as he was incompetent; and, therefore, his due process rights were violated. Petitioner also states that he did not enter a plea of not guilty and Judge Hicks erroneously placed evidence in the record that does not exist. Further, Petitioner contends that two of his trial counsel did not act in instances where they both believed the other counsel was going to act, and necessary tasks were not done. Thus, Petitioner states that he is entitled to a de novo hearing.

Despite Petitioner's contention that he should have been afforded a competency hearing prior to trial, the Court finds that Judge Hicks properly found that the state appellate court and state habeas corpus court found that Petitioner's trial counsel gave consideration to a mental defense but decided based upon the circumstances to pursue a defense of not guilty, *i.e.*, Petitioner was not the perpetrator.  Petitioner need not agree with his counsel's strategy, rather, said counsel's assistance is ineffective only if no competent attorney would have chosen the strategy counsel chose.  Kelly v. United States, 820 F.3d 1173, 1176 (11th Cir. 1987).

Upon review of the record and Petitioner's objection, the Court agrees with Judge Hicks's finding that Plaintiff cannot establish an ineffective assistance of counsel claim as to the trial strategy (not to pursue a defense of mental incompetence); since, as Judge Hicks noted, two out of three mental evaluators found Petitioner competent to stand trial and one found Plaintiff had memory loss due to cocaine intoxication.  Further, cases specifically cited by Petitioner in his objection are readily distinguishable since psychological examinations were done and conflicting findings resulted, two out of three of which stated that Petitioner was competent to stand trial. Further, Petitioner does not specifically object (beyond general disagreement) to Judge Hicks's finding that Petitioner cannot establish a basis for ineffective assistance of appellate counsel.

Lastly, Petitioner contends that Judge Hicks placed evidence in the case that does not exist, that Petitioner entered a not guilty plea.  A review of the Recommendation indicates that Judge Hicks cited the Georgia appellate court's finding which stated "it is undisputed that appellant entered a plea of not guilty after consulting with his attorneys."  (Doc. 84 at 12). Despite Petitioner's disagreement, the Supreme Court of Georgia expressly found "it is undisputed that appellate entered a plea of not guilty after consulting with his attorneys."  Prince v. State, 277 Ga. 230, 234 (2003).  Thus, U.S. Magistrate Judge Hicks appropriately quoted the

state court's ruling and appropriately found that Petitioner did not advance sufficient evidence to disturb said finding.  Accordingly, each of Petitioner's objections (Doc. 87) are **OVERRULED**.

Upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 84) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court, as modified, for reason of the findings made and reasons stated therein together with the findings made, reasons and stated conclusions reached herein.  Accordingly, Petitioner's § 2254 Petition for Writ of Habeas Corpus (Doc. 1; Doc. 67; Doc. 71) is **DENIED**.

**SO ORDERED**, this 31st  day of March, 2010.


 /s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**

8